## MONTGOMERY ET AL. V. GIBBS ET AL.

1. **Contract**: CONSIDERATION: CONVEYANCE. Where one had purchased real estate and executed his promissory notes therefor, and upon the latter had allowed judgment to be taken by default when he had a good defense thereto, in accordance with an agreement with his vendor that the judgments should be satisfied out of the property purchased: *Held*, that the agreement rested upon a good consideration and should be enforced.

2. **Practice**: JUDGMENT: AMENDMENT. After a motion to strike out certain averments has been sustained, allegations of the same matter in an amendment, not afterwards denied, will sustain a decree in accordance therewith.

3. **Contract**: CONVEYANCE: PROMISSORY NOTES. An agreement by the vendor, resting upon a sufficient consideration, that his entire claim arising from the sale of real estate shall be collected from the property sold, applies as well to notes not at the time matured as those upon which action had been commenced.

4. ———: RESCISSION: FRAUD. Where, under a contract for the purchase of real estate, the vendee took possession, made improvements and received rents and profits for more than five years, he was not entitled to a rescission of the contract on the ground of fraud.

5. ———: TITLE. Although at the time of the execution of a contract to convey the vendee could not give a good title, yet if the title afterwards be perfected in him or his heirs, the conveyance may be made in accordance with the contract.

6. ———: TENDER: EQUITY. The tender of a deed is not essential to an enforcement in equity of the payment of the purchase money.

7. ———: PAYMENT WITHOUT REQUEST. Where, in a contract of sale the vendee agreed to pay certain debts of the vendor, and afterwards voluntarily paid a sum much in excess of the one named: *Held*, that he could not recover the payment in excess.

*Appeal from Mahaska District Court.*

THURSDAY, JUNE 17.

THIS is a suit in equity in which the plaintiffs ask a rescission of a contract for the conveyance of certain real property, entered into between John White, in his lifetime, and the plaintiffs, and for other relief. The court below rendered judgment granting to plaintiffs a portion of the relief prayed.

Defendants appeal. The facts necessary to an understanding of the questions decided are stated in the opinion.

*H. B. Allen*, for appellants.

*John F. Lacey* and *H. B. Hendershott*, for appellees.

MILLER, CH. J.—On the 21st day of January, 1869, John White, of the county of Mahaska, agreed in writing for the consideration of $28,225.00 to be thereafter paid, to convey to John Montgomery and A. W. McKey certain real property described in the writing. The consideration was, by the agreement, to be paid in installments, evidenced by promissory notes. Upon the payment of these notes, White was to execute a deed conveying the property to Montgomery and McKey, which deed was to contain covenants against all persons, liens, or incumbrances claimed through or caused by the grantor. The purchasers were to have full and complete possession of the property on the first day of February after the making of the contract, and White agreed to receive payment or partial payment at any time on the notes of not less than one thousand dollars, on which interest should be allowed, etc.

It is alleged in the petition that, at the time of the making of the contract, White was not the owner of the land; that he falsely and fraudulently represented that he was such owner; that White never delivered possession to plaintiffs as he was bound to do under the contract; that there were liens and incumbrances on said property at the time of the purchase of which plaintiffs were ignorant; that White represented that the property was free from incumbrance; that after the maturity of three of the notes given for part of the purchase price of the property became due, White brought separate actions thereon in the District Court of Mahaska county, and, while said actions were pending, White proposed to and agreed with Montgomery that no defense was to be interposed to these suits, but that judgments were to go by default on the notes and that White was to be confined to the property in controversy for the collection of his entire debt; that in pursuance of this agreement no defense was made in the actions brought

on the notes, and judgments were rendered thereon by default; that White is now dead, and that the defendant, who is the administrator of his estate, has issued executions on said judgments and has levied the same upon the individual property of Montgomery and is threatening to sell the same thereon in satisfaction of said judgments. An injunction to restrain the sale of plaintiffs' property so levied on is prayed, and it is further asked that the executions be satisfied from the property agreed to be conveyed and from no other property. This is asked on the theory of the validity of the contract of sale.

It is claimed also in the petition that the plaintiffs have the right to rescind the contract entirely, on the ground of the alleged fraudulent representations, and because White never did convey or offer to convey the land according to agreement, although the time has long since elapsed, and that he had not the title thereto. They ask to have the judgments cancelled, the contract rescinded, and to recover for the improvements made by them, and for moneys paid for the use of White, being debts in and about the property purchased. It is also shown that there is now an action pending on the last note made by plaintiffs, as part of the purchase price of the property, which they ask may be enjoined.

It is alleged in the petition that at the time of the purchase by plaintiffs of the property in controversy, there was a judgment lien thereon in favor of one Phillips. By stipulation on the trial it is admitted that this judgment was, on the 3d day of January, 1871, assigned to and is now held by the administrator of White, the defendant.

It is also alleged that there was a mortgage lien on said property agreed to be conveyed. It appears, however, by stipulation, that on the 8th day of April, 1871, this mortgage was paid off, and satisfied by defendant.

The District Court found, as to the judgments alleged to have been rendered on the notes, given for the purchase money of the property, that the equities were with the plaintiffs, and found all the other issues for the defendants. It was adjudged that the judgments mentioned should be enforced against, and

Montgomery v. Gibbs.

satisfied out of, the property which was the subject of the sale, describing it, etc.

I.  It is insisted by appellant that this decree limiting the defendant to the property purchased, in the enforcement of

1. CONTRACT: consideration : conveyance.
the judgments against Montgomery and others, is erroneous.  Upon a careful consideration of all the evidence in the case upon this question, we are of opinion that the decree is right in this respect.  It is shown by satisfactory evidence, that the plaintiffs made no defense to the suits in which these judgments were obtained, upon the agreement by White that he would look alone for payment to the property which was the consideration of the notes; that this was the understanding and agreement of the parties, we think is satisfactorily shown.  The agreement on part of Montgomery, to make no defense to the suits on the notes, but to allow judgment to be rendered therein by default, when at the time he had probable ground of defense in whole or in part, constituted a good and sufficient consideration for the agreement on the part of White, to look alone for payment to the property.  At that time White was not in a position to make a clear title to the premises, not being the unqualified owner thereof, nor was the same clear of incumbrances, and there were other grounds of controversy between the parties. The agreement to waive these, by allowing judgments to go against the plaintiffs, was a valid consideration for White's agreement to limit his remedy to the property sold.

It is urged by appellant's counsel, that the paragraph of plaintiff's petition alleging these facts in regard to the judg-

2. PRACTICE: judgment : amendment.
ments, and the alleged agreement in respect thereto, was stricken out on motion and that, therefore, there are no averments as a foundation for the decree in this particular.  The record shows that there was such a ruling, but also shows that substantially the same facts are set up in an amendment to the petition which are not denied, or responded to in any manner by the defendants in any subsequent pleading, and in support of these facts a very large portion of the evidence in the case was given.  It cannot be said, therefore, that there is no foundation in the pleadings upon

which to rest the decree in this particular. The striking out of the original paragraph of the petition, alleging these facts, did not affect the amendment. The latter was distinct from the original, and was made after the motion to strike out was filed, and, we may add, the motion should not have been sustained.

II. Plaintiffs complain because the court below refused to confine the defendant in her remedy upon the note in suit, 3. CONTRACT: (being the last note given for the purchase money . conveyance. of the property,) also to the property in question, while defendant claims that there is no sufficient evidence to sustain such a decree. The allegations of an amendment to the petition, which as we have seen was not affected by the motion to strike out, not being denied or responded to by any subsequent pleading, must be deemed to be true; Code, Sec. 2712. It is there alleged that "White, for the purpose of inducing Montgomery to withhold defending" the actions brought on the notes then due, "not only agreed that he would be confined to said mill property and distillery, for the *collection of his entire debt*, but that the said judgments should not be liens upon any of the real estate of the said Montgomery, and that he would at any time, when required by Montgomery, release the apparent lien of said judgments, from the individual real property of said Montgomery." These averments include the note not due at the time of the agreement, as well as those upon which it was then proposed to take judgment, and in this particular the decree of the court below should be modified.

III. We fail to find any evidence of fraud on the part of White. The plaintiffs took possession of the property in pur- 4. ——: re- suance of their purchase, have made improvescission: fraud. ments, held possession of the property for more than five years, receiving the rents and profits, and there has been no offer to return the possession to the vendor, or to place him in *statu quo*. There is therefore no ground for a rescission of the contract. *Burge v. The Cedar Rapids & Mo. R. R. Co.*, 32 Iowa, 101, and cases cited. See also, *Bramfield v. Palmer*, 7 Blackf., 227; *Tompkins v. Hyatt*, 28 N. Y.,

347; *Pearsol v. Chapin*, 44 Penn. St., 9; *Gaus v. Renshaw*, 2 Barr., 34; *Hill v. Samuels*, 31 Miss., 307; *Wiley v. Howard*, 15 Ind., 169.

There being no grounds for a rescission of the contract, plaintiffs are not entitled to recover for improvements made by them to the property.

IV. Whatever question may have existed at the time of the making of the contract of sale, as to the ability of White to convey the premises by a good title, none now exists as to defendant's ability to do so. It is admitted that White, at the time of making the contract, held the technical legal title to the property, but it is claimed that one Benjamin Roop was the real owner. The record shows that on the 26th day of January, 1871, which was before this action was brought, Roop and wife conveyed all their interest in the premises in controversy to Martha Jane White, (widow,) and Martha Jane Gibbs, (daughter,) they being the only heirs at law of John White, deceased. The conveyance may be made in accordance with the contract upon payment of the consideration, and in order to an enforcement in equity of payment of the purchase money, it is not necessary that a deed should have been tendered. A court of equity can order the execution of the deed upon the payment of the money. *Winton v. Sherman*, 20 Iowa, 295, and cases cited. Whatever title White held in the property, descended to his heirs at his death, and the conveyance by Roop and wife, perfected the title in them, subject, however, to the contract made by White in his lifetime, to convey the same to the plaintiffs. His heirs took the title subject to this obligation of their ancestor to convey.

V. It is further claimed on part of the plaintiff, that one Oscar Roop, as the agent of White, represented to the plaintiffs, that in the running and operating the mill, (which was the property agreed to be conveyed by White,) he had incurred some debts which in his opinion would not exceed $1,500.00, which at the time of the purchase of the mill property by the plaintiffs, they agreed to pay, in

consideration of which they were to have all the stock on hand, and personal property in and about the mill; that instead of $1,500.00, these debts amounted to $5,762.76, which they allege they have paid, and seek in this action to recover the excess over $1,500.00.

The evidence shows that Montgomery assumed to pay debts contracted by White's agent in operating the mill, to an amount not exceeding $1,500.00. There is no evidence that Montgomery should pay more than this sum if the debts should amount to more, nor did Roop as White's agent, guarantee that such debts would not exceed the sum named. Under the agreement Montgomery was under no obligation to pay more than $1,500, in discharge of the mill debts. There is no evidence that he was at any other time requested by White, or any one acting for him, to do so. These debts were in no manner liens on the property purchased by plaintiffs, and if they paid more of them than they had undertaken to pay, without any request to do so, they cannot complain. Such payments were voluntary and afford no ground for a recovery back. *Pitt v. Purssord*, 8 Mees. & Wels, 538; *Paynter v. Williams*, 1 Cr. & Marshman, 819; *Myers v. McHugh*, 16 Iowa, 335.

The judgment of the District Court will be modified so as to limit the enforcement of the entire consideration, agreed to be paid for the property in controversy, to the property itself, and thus modified it will be

AFFIRMED.