[No. 7790. In Bank.—October 9, 1885.]

PIERRE PELLIER, RESPONDENT, v. T. J. GILLESPIE ET AL. SAN JOSE INDEPENDENT MILL AND LUMBER COMPANY, APPELLANT.

PRACTICE—SERVICE OF SUMMONS—RESIDENCE OF DEFENDANTS.—An affidavit which shows that the summons was served on the defendants in the same county, and that a copy of the complaint was served on one of them, need not state that all the defendants were residents of the county.

MORTGAGE—FORECLOSURE—PERSONAL JUDGMENT.—In an action to foreclose a mortgage, an allegation in the complaint that the grantee of the mortgaged premises at the time of his purchase covenanted and agreed to pay the mortgage debt, and discharge the mortgage lien, is sufficient to sustain a personal judgment against such grantee for the deficiency.

ID.—DESCRIPTION OF PROPERTY.—The description of the property in the mortgage and decree examined, and held sufficient.

APPEAL from a judgment of the Superior Court of the County of Santa Clara.

This was an action to foreclose a mortgage executed by the defendant Gillespie, who subsequently conveyed the property to the appellant subject to the mortgage. The affidavit of service shows that the summons was served on all the defendants in the county of Santa Clara, and that a copy of the complaint was served on defendant Gillespie. On default of the defendants a decree was rendered that the mortgaged property be sold to satisfy the mortgage, and that a judgment for any deficiency be docketed against the appellant. The remaining facts sufficiently appear in the opinion of the court.

*Houghton & Reynolds*, for Appellant.

*James R. Lowe,* and *Rhodes & Barstow,* for Respondent.

MYRICK, J. — When this cause was before the court in department, an opinion was filed as follows:—

"The objection that the affidavit of service of summons is fatally defective, because it does not state that the appellant on whom the summons alone was served, and the defendant on whom a copy of the complaint was served with the summons, were residents of the same county, is overruled, on the authority of *Calderwood* v. *Brooks,* 28 Cal. 153. The allegation that appellant covenanted and agreed to pay the mortgage debt and discharge the mortgage lien is sufficient to sustain the judgment. There is a sufficient description of the premises."

After hearing by the court in Bank, we see no cause for changing the views expressed in department. We will, however, add, as to the sufficiency of the description of the premises, that all reference to lot 2 and map may be omitted, and a description be found. Let the description as found in the mortgage and decree be slightly transposed (lines and distances given as stated), and the description may read thus: "Beginning at a point on the easterly line of San Pedro Street 27 92–100 feet southerly from a point where the southerly line of the lands of the San Jose Independent Mill and Lumber Company strikes said easterly line of San Pedro Street, and running from said point at right angles with said street to the westerly line of Market Street; thence along the line of lands of Cresta, Reed, and San Jose Independent Mill and Lumber Company to said line of San Pedro Street; and thence along said line of San Pedro Street, southerly 27 92–100 feet to place of beginning." Can we say this description embraces no land, and the sheriff could place no one in possession of any premises? Can we say the line back from Market Street is on the same line approaching Market Street? We think not. The judgment is affirmed.

MORRISON, C. J., McKEE, J., and THORNTON, J., concurred.

McKINSTRY, J., concurring. — I concur in the judgment. The mortgage and decree contain a good description.

Treating the contract of the defendant, the San Jose Independent Mill and Lumber Company, as in equity, and in view of section 726 of the Code of Civil Procedure, a contract to indemnify the mortgagor against the payment of any deficiency that might arise under a foreclosure and sale, it was an agreement of the benefits of which the mortgagee could avail himself upon the principle of subrogation. (*Briddel* v. *Brizzolara*, 64 Cal. 354.)

I agree the affidavit of service was sufficient.

Ross, J., concurred.

Rehearing denied.