# Moore *v.* First National Bank of Florence.

## *Action of Assumpsit.*

1. *Contract for payment of debt of another; when not within statute of frauds.*—Where, for a valuable consideration, one promises to discharge the pecuniary obligation of another to a third person, such promise amounts to an undertaking on the part of the promisor to perform his own obligation created by his contract with the promissee, and is not a promise to pay the debt of another, within the meaning of the statute of frauds; and the third person to whom the debt is to be paid, not assenting to the contract while the promise

remains in force, is entitled to sue the promisor in his own name, though he may have been otherwise a party to the contract.

2. *Contract; sufficiency of consideration.*—The withholding by agreement of competition for business, though the business involved but a single transaction is, when not opposed to public policy, a valuable consideration on which to rest a contract.

3. *Same; same.*—A forbearance on the part of a party to interpose any reasonable defense he could have made to the claim of another against him, constitutes a sufficient consideration for the latter's promise to pay a debt due from the former.

4. *Pleading and practice; departure not properly raised by demurrer.*—The objection to the amendment of a complaint by the addition of new counts, that there was a new cause of action introduced by the proposed amendment, is not properly raised by demurrer to the added counts.

5. *Action on a contract; admissibility of evidence.*—In an action to recover an amount alleged to be due by contract, where it is averred in the complaint and the plaintiff's evidence tends to show that the defendant promised a third person that if he would surrender his right to make the contract for the erection of a building and let him, the defendant, make the contract and would turn over to the defendant the material which he had and confess a judgment in favor of the defendant, in order that he could thereby acquire such material, that then the defendant would pay to the plaintiff a debt due plaintiff from such third person, and that said agreement on the part of said third person was carried out, but the defendant in testifying denied the making of any promise for the payment to the plaintiff of said third person's debt, the writing containing the uncompleted contract by said third person for the erection of the building, and the record entry showing the confession of judgment and the proceedings thereunder, are admissible in evidence.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. ED. B. ALMON.

This suit was brought by the appellee, the First National Bank of Florence, against the appellant, Samuel E. Moore, and was instituted on October 18, 1898. The complaint as originally filed contained two counts. The first count claimed the sum of four thousand dollars due by account stated, on, to-wit, November 1, 1893. The second count claimed the like sum under an agreement

[Moore v. First National Bank of Florence.]

entered into between the plaintiff and defendant and one
H. C. Nichols, on or about the 6th day of March, 1893,
by which plaintiff undertook and agreed to procure for
defendant the contract for the building of the Cherry
Cotton Mills building in Florence, and Nichols agreed
to confess judgment in favor of the defendant in the cir-
cuit court of Lauderdale county, Alabama, for the sum
of $16,604.50, and in consideration of the procurement
of the said contract to build the said mills, and the con-
fession of the said judgment by Nichols in favor of the
defendant, the defendant agreed and undertook to pay
plaintiff the sum of four thousand dollars, in which sum
Nichols was indebted to plaintiff. The count then avers
that plaintiff did procure for defendant the contract for
said mill, that Nichols did confess judgment as afore-
said, and that said sum of money became due on the 1st
of November, 1893. Subsequently, on the 11th of March,
1899, the plaintiff filed two amended counts to his dec-
laration, numbered, respectively, three and four. At the
trial of the cause at the September term, 1899, of the
said circuit court, and after the evidence had closed, and
before the argument had commenced, the plaintiff an-
nounced that it withdrew all counts but the fourth, on
which it relied.

In the fourth count the averments of facts showing
plaintiff's claim were as follows: That prior to the 21st
of February, 1893, one H. C. Nichols had a contract to
build at Florence, a cotton mill, and during the con-
struction of this mill became indebted to the Bank in
the sum of four thousand dollars, which was used in the
purchase of material and the payment of labor; that
prior to the date mentioned, work on the mill had been
suspended or abandoned, and that at the time the said
Nichols had on hand a large amount of material, the
larger part of which had been purchased with the money
loaned by the bank; that on or about the date mentioned,
Nichols made an arrangement to build the Cherry Cot-
ton Mills, having agreed upon the terms of a contract,
"and the defendant had agreed with the said Nichols
to give him the necessary financial backing to construct
the building last aforesaid on a consideration agreed

upon between them, and the said Nichols had agreed with the plaintiff that the debt due from him to plaintiff was to be paid out of the contract price of the building of said mill for Cherry Cotton Mills, and after the 21st of February, 1893, and about the 6th of March, 1893, the said Nichols made arrangement with defendant that he, said Nichols, would give up all his rights under the said arrangement and contract with the said Cherry Cotton Mills, and would allow said defendant to make said contract in his place and stead, and that said Nichols' foreman would be allowed to work for and with the defendant on said contract to be made by him with said Cherry Cotton Mills, and the said Nichols was to confess a judgment in favor of the defendant in the circuit court of Lauderdale county, Alabama, which was to be used in acquiring the title to the said material purchased in part with the money advanced by the plaintiff aforesaid, to said Nichols, and the said defendant on his part agreed with the said Nichols in consideration of the said agreement and undertakings of the said Nichols made with him as aforesaid to assume and pay for said Nichols the said debt of four thousand dollars due plaintiff as aforesaid, and the defendant advised N. C. Elting, who was the cashier of the plaintiff, of his said agreement with said Nichols, and said Elting for and on behalf of the plaintiff assented thereto, and the said Elting agreed to assist said defendant in getting said contract, and on the faith of the said undertakings and agreements of the defendant, plaintiff forebore to sue said Nichols on said claim due from him as aforesaid and forbore to attach said materials for its said debt. * * * And plaintiff avers that said Elting did assist defendant in getting the contract to build said buildings for said Cherry Cotton Mills, and that he did get said contract, and said Elting became his surety for the performance of the same, and that said Nichols did give up all his rights to his said arrangement and contract with the said Cherry Cotton Mills to and in favor of the said defendant, and did allow his foreman to aid the defendant in the performance of the said contract, and said contract

was performed by defendant with the aid of the said foreman, and said Nichols did confess judgment in the circuit court of Lauderdale county, Alabama, on the 16th of March, 1893, and under the said judgment and the execution thereon issued the defendant sold the said material of the said Nichols purchased in part with the said money advanced him by the plaintiff, and became the owner of the said material, and a large part of the said material was used in the construction of the said buildings for said Cherry Cotton Mills by defendant." The complaint then avers that defendant under his said agreement and undertakings became liable to pay the sum of four thousand dollars to plaintiff, and that the same was due on the 1st of November, 1893, when said contract of defendant with said Cherry Cotton Mills was completed and defendant, though often requested, has failed to pay the same, etc.

The defendant demurred to the 3d and 4th counts upon the ground that the cause of action averred therein was a departure from the cause of action contained in the original complaint. This demurrer was overruled. Defendant also moved to strike from the file the 3d and 4th counts of the complaint because they constituted a departure from the cause of action on which the original complaint was based. This motion was overruled, and the defendant duly excepted.

The defendant filed the plea of the general issue and several special pleas setting up the statute of limitations of three and six years, and a want of consideration for the promise or agreement alleged in the complaint, and that said agreement or contract as alleged in the complaint was an agreement to answer for the debt, default and miscarriage of another, and was without consideration and was not reduced to writing, and was void under the statute of frauds. The plaintiff moved the court to strike pleas 1, 2 and 7 from the file, upon the ground that they presented no defense to the action. These pleas set up the statute of limitations of three years. This motion was sustained, the said pleas were stricken, and the defendant duly and separately excepted. The facts of the case and the rulings of the

court upon the evidence, which are reviewed on the present appeal, are sufficiently shown in the opinion.

The defendant separately excepted to the following separate and several portions of the court's general charge to the jury: (1.) "I charge you, gentlemen of the jury, that if you believe from the evidence that such a contract was made and entered into by and between Nichols and the defendant as is alleged in said 4th count of plaintiff's complaint, and that the plaintiff consented to it, the defendant then and there became liable to the plaintiff for the debt sued for in this cause, although said contract or agreement was not in writing." (2.) "I charge you, gentlemen of the jury, that if you believe from the evidence that Nichols and the defendant Moore made and entered into the contract or agreement as is alleged in the said 4th count of the complaint, the defendant would be liable to the plaintiff for the debt sued for, whether the plaintiff agreed to or consented to such arrangement at the time or not, provided plaintiff afterwards consented to it." (3.) "I charge you, gentlemen of the jury, that if you believe from the evidence that Nichols and Moore made and entered into the contract or agreement as is alleged in said 4th count of plaintiff's complaint, the defendant would be liable to the plaintiff for the debt sued for, whether the plaintiff was present and participated in the agreement when it was made or not, provided plaintiff afterwards assented to the arrangement." (4.) "I charge you, gentlemen of the jury, if you believe from the evidence that Nichols and the defendant Moore made and entered into the contract or agreement as is alleged in said 4th count of the plaintiff's complaint, although not in writing, and that plaintiff assented to it, defendant would be liable to plaintiff for the debt sued for, even if you should believe from the evidence that the plaintiff still held its note against Nichols and had it renewed after such agreement was made."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked:

(1.)    "If the jury believe from the evidence that the judgment confessed in this court by H. C. Nichols in favor of the defendant Moore aggregating $16,604.03 was for said indebtedness which said Moore claimed to be due him from the said H. C. Nichols, and did not include anything which the said Moore recognized to be Nichols' indebtedness to the First National Bank, then any promise made by Moore to pay said indebtedness of Nichols to the bank, if any were made by him, and if the confession were the only consideration, was without consideration, and the plaintiff cannot recover therefor in this action."  (2.)  "If the jury believe from the evidence that the plaintiff, by its cashier Elting, did not procure or assist in procuring the confession of judgment by Nichols in favor of the defendant Moore, for which said Moore claimed said Nichols owed him, or did not know of such confession of judgment until after the said judgments were confessed, then the only consideration which the plaintiff claims for the promise, agreement or undertaking of the defendant Moore to pay the $4,000 debt of Nichols to the bank, involved in this suit, is that of procuring the contract for the construction of the Cherry Cotton Mills building by Moore, and the court charges the jury that an agreement by the plaintiff to secure such contract for Moore was *ultra vires,* unlawful and void, on the part of the plaintiff, and furnishes no valuable consideration for a binding agreement on the part of Moore to pay the debt of Nichols to the bank; and if there was no other consideration for any promise by Moore to pay said Nichols' debt, if any was ever made by Moore, than that the plaintiff should procure for Moore such contract for the building of said mills, then the plaintiff cannot recover in this action, and your verdict will be for the defendant."  (3.)  "If the jury believe from the evidence that there was an agreement between H. C. Nichols and the defendant S. E. Moore upon a valid and sufficient consideration that Moore should pay the debt of $4,000 due from Nichols to the bank here sued for, and that the bank knew of this agreement in March or April, 1893; yet I charge you, that if the bank on April 10th, 1894, after such

agreement took a renewal of the note of Nichols evidenc-
ing his debt, then the bank cannot recover in this action
and your verdict should be for the defendant." (4.)
"A confession of judgment for a debt a debtor lawfully
owes his creditor is not in itself a consideration for a
new promise." (5.) "If the jury believe from the evi-
dence that the judgments obtained by Moore against
Nichols in this court were for debts which Moore claimed
were due him from Nichols, which did not include the
debt of $4,000 of Nichols to the First National Bank of
Florence, and that afterwards Moore, by execution is-
sued on said judgments, sold the property of said Nich-
ols, consisting of lumber, brick, iron and stone at Flor-
ence Cotton Mill and bought the same for less than the
amount of his judgment, then the plaintiff under the
undisputed evidence in this case would have no right
by reason of such purchase by Moore to require Moore
to pay the debt of said Nichols to said bank, and the
plaintiff cannot by reason of such purchase by Moore,
recover in this action, and your verdict should be for the
defendant." (6.) "If the jury believe from the evidence
that the promise of the defendant, if any was ever made
by him, to pay the debt of H. C. Nichols to the bank, was
not in writing, and that the defendant did not receive
any other benefit for such promise then obtained, the
contract to build the Cherry Cotton Mills building and
the confession of judgment by Nichols in favor of Moore
for what Moore claimed Nichols owed him on his
own account, and if the plaintiff in this suit did not give
up and discharge its claim against Nicholas for his in-
debtedness of $4,000, referred to in this case, then I
charge you that the defendant is not liable on such prom-
ise, if he ever made any such promise, the plaintiff can
not recover in this case, and your verdict should be for
the defendant." (7.) "Gentlemen of the jury, the plain-
tiffs by their complaint in the 4th count, allege that the
consideration of Moore's alleged agreement to pay Nich-
ols' debt to the bank was the relinquishment by Nichols
in Moore's favor of a contract or agreement or arrange-
ment for Nichols to build the Cherry Cotton Mills and
the confession of judgment by Nichols for what he owed
Moore and the furnishing of a foreman by Nichols to

Moore, and if the jury find from the evidence that Nichols never made any contract to build the Cherry Cotton Mill, and never relinquished any contract in Moore's favor, never furnished any foreman and only confessed a judgment for what he owed Moore, then I charge you that your verdict will be in favor of the defendant." (8.) "If the jury believe all the evidence in this case, their verdict should be for the defendant." (9.) "If the jury believe from the evidence that there was any agreement by Moore with Nichols, or by Moore with the First National Bank, the plaintiff, to pay the indebtedness and note of Nichols to the bank, and by such agreement the debt of Nichols to the plaintiff was not discharged and released, but was retained as an existing liability of the said Nichols, then the plaintiff cannot recover in this action, but your verdict should be for the defendant." (10.) "If the jury believe from the evidence that the promise of the defendant, if any was ever made by him, to pay the debt of H. C. Nichols to the bank, was not in writing, and that defendant did not receive any other benefit for such promise than obtaining the contract to build the Cherry Cotton Mills building, and the confession of judgment by Nichols in favor of Moore for what Moore claimed Nichols owed him on his account, and if the plaintiff in this case did not give up and discharged its claim against Nichols for his indebtedness of $4,000 referred to in this case, then I charge you that the defendant is not liable on such promise, if he ever made such promise, the plaintiff can not recover in this case, and your verdict should be for the defendant." (11.) "If the jury believe from the evidence that the debt of $4,000 claimed by the plaintiff in this case was not originally created by the defendant Moore, but was the debt of H. C. Nichols, and that the only considerations or consideration for an unwritten promise by the defendant Moore to pay said indebtedness of said Nichols was that the plaintiff should procure the contract for the defendant Moore to construct the Cherry Cotton Mill building, or procure or induce Nichols to confess judgment for his indebtedness to Moore in favor of the said Moore, or that said Nichols

agreed to confess judgment in favor of said Moore to pay Nichols' debt to plaintiff, then the plaintiff cannot recover in this case, and your verdict should be for the defendant." (12.) "If the jury believe from the evidence that no contract had been made by H. C. Nichols for the building of the Cherry Cotton Mills building, although the terms of a contemplated contract had been settled by him, and the authorities of the said Cherry Cotton Mills Company, and reduced to writing but not signed by Nichols and the said Cotton Mills Company, nor any bond given by the said Nichols for the performance of said contract, and the jury further believe from the evidence that such contract was not to go into effect or become binding until it was signed by the parties thereto, and such bond executed by said Nichols, then the agreement of said Nichols not to take said contract, would not constitute a consideration for any promise by Moore to the defendant which was not in writing, to pay the debt of said Nichols to the plaintiff in this suit. And if there was no consideration for a promise by said Moore to pay said Nichols' indebtedness, the plaintiff cannot recover in this case, and your verdict shall be for the defendant."

There were verdict and judgment in favor of the plaintiff, assessing its damages in the sum of $6,214.

The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

EMMET O'NEAL and THOS. R. ROULHAC, for appellant.—"A promise, verbal or written, to pay the debt of another if not founded on a precedent liability, or a new consideration, will not support an action."—*Hester v. Wesson*, 6 Ala. 415; *Beall v. Ridgway*, 18 Ala. 117; *Rutledge v. Townsend*, 38 Ala. 712; *Watson v. Reynolds*, 54 Ala. 191. "The failure to express a valuable consideration for the promise is as fatal to its legal validity as would be the failure to reduce it to writing." *Bolling v. Munchus*, 65 Ala. 558; *Foster v. Napier*, 74 Ala. 393.

Even if Moore had made any promise to Nichols on the faith of his confession of judgment, it would have been without consideration and void. Nichols only confessed judgment for what he justly owed. A promise by Moore to Nichols that if he would confess judgment for what he justly owed him, and which is not disputed, would constitute no consideration for any promise on Moore's part to pay Nichols' debt to the bank.—8 Amer. & Eng. Encyc. of Law, (2d ed.), 754.

A mere forbearance to enforce a claim is not sufficient to render the promise original so as to withdraw it from the operation of the statute of frauds.—8 Amer. & Eng. Encyc. of Law, 682; *Vaughan v. Smith,* 65 Iowa 579; *Stewart v. Campbell,* 58 Me. 459; *Hilton v. Dinsmore,* 21 Me. 410; *Musick v. Musick,* 7 Me. 495; *Mallory v. Gillett,* 21 N. Y. 412.

The promise made by the defendant was clearly within the operation of the statute of frauds. The uncontradicted proof shows that the bank never surrendered the note of Nichols or discharged his liability. Generally any promise to pay another person's debt, which is not discharged or released by the terms of the promise or other contemporaneous arrangement is within the statute.—*Clark v. Jones,* 85 Ala. 130; *Lehman v. Levy,* 69 Ala. 40; *Thornton v. Guice,* 73 Ala. 323; *Underwood v. Lovelace,* 61 Ala. 157; *Dunbar v. Smith,* 66 Ala. 490; *Pugh v. Barnes,* 108 Ala. 167.

SIMPSON & JONES, *contra.*—A promise to pay the debt of another, made upon a new and valuable consideration, either of benefit to the promisor, or of detriment to the promisee, is an original undertaking, not within the statute of frauds and not required to be in writing. Wood on Statute of Frauds, pp. 197-8 and note 1, p. 235; *Dunbar v. Smith,* 66 Ala. 490; *Davis v. Patrick,* 141 U. S. 479, 487-8; *Thornton v. Williams,* 71 Ala. 555, 556.

Where the promise is made to the *debtor* upon a new consideration of either benefit to one or detriment to the other, it is not within the statute of frauds, but being a new and independent contract, is not required to

[Moore v. First National Bank of Florence.]

be in writing.—*Ware v. Allen,* 1 So. Rep. 738; *Wolk v. Fleming,* 2 N. E. Rep. 325; *Stariba v. Greenwood,* 11 N. W. Rep. 76; *Clay v. Tyson,* 26 N. W. Rep. 240; *Poole v. Hintrager,* 14 N. W. Rep. 223. And the debt may be recovered by action in the name of the party for whose benefit the promise was made.—*Coleman & Carroll v. Merchants & Mechanics' Bank,* 77 Ala. 217.

It necessarily follows from the principle above stated, to-wit, if it is indeed a new and independent promise, upon a new consideration which takes it out of the operation of the statute of frauds, the fact that, in paying his own debt he also pays the debt of another, cuts no figure, and it matters not whether the old debt is discharged or not.—*Westmoreland v. Porter,* 75 Ala. 452. In this last case the court declares that where the promise is made on a new consideration of benefit to the promisor, the original debtor need not be discharged or released.—Wood on Statute of Frauds, p. 215.

SHARPE, J.—On a promise supported by a valuable consideration made by one to discharge a pecuniary obligation of the promisee to a third person, the latter if assenting thereto while the promise remains in force, is entitled to sue in his own name though he may not have been otherwise a party to the contract.—*Coleman v. Hatcher,* 77 Ala. 217; *Potts v. First National Bank,* 102 Ala. 286; *Dimmick v. Register,* 92 Ala. 458; *North Alabama Development Co. v. Short,* 101 Ala. 333; *Mason v. Hall,* 30 Ala. 599; *Huckabee v. May,* 14 Ala. 263.

In a case so founded it is immaterial whether the plaintiff has relinquished his debt as against the promisee. The transaction amounts simply to an undertaking on the part of the promisor to perform his own obligation created by his contract with the promisee, and not to a promise to pay the debt of another within the meaning of the statute of frauds.—*Coleman v. Hatcher, supra,* and *Mason v. Hall, supra.* For decisions of various courts on this subject, see references contained in note to *Jefferson v. Asch,* (Minn.) 25 L. R. A. 257.

The complaint in this case as last amended consisted

alone of what had been the fourth count.   It declares
on the alleged promise of defendant to Nichols to pay
the latter's debt to the plaintiff bank, and not on any
promise made directly to the plaintiff or its cashier Elt-
ing.   It shows that Nichols abandoned the pending ne-
gotiations for the building of the Cherry Cotton Mill,
gave up his right to perfect the same, and in so doing,
allowed defendant to effect a contract for the erection
of that building and that this abandonment was induced
by the promise sued on.   This, in itself, shows a valua-
ble consideration for that promise, for though he had not
furnished the security required by the mill owners and,
therefore, had no contract with them which could have
been enforced or transferred, Nichols had, until he sold
the same to defendant, the right to further attempt the
completion of such contract and so to compete therefor
with defendant and all others.   The withholding, by
agreement, of competition for business, though the busi-
ness involve but a single transaction, is, when not op-
posed to public policy, a valuable consideration on
which to rest the agreement.—6 Am. & Eng. Ency.
Law, 746; *McCulloch v. Cowher*, 5 Watts. & Serg. (Pa.)
427; *Pierce v. Fuller*, 8 Mass. 222; *Heim v. Butin*, (Cal.)
40 Pac. Rep. 39.   The public had no concern in the let-
ting of the contract for the mill building, and, therefore,
no interest in maintaining competition.   A considera-
tion for the contract sued on being thus shown, it is
immaterial in passing on the demurrer to consider
whether the other matters alleged as forming part of
the consideration amount to such, for the union of a
merely insufficient with a sufficient consideration by the
terms of a contract or of a declaration thereon, does
not vitiate either the contract or the pleading.—*Lowry
v. Brooks*, 2 McCord, 421.

To review the rulings on demurrers to counts which
were stricken out of the complaint is unnecessary.
Whether in the counts added by amendment there was
a new cause of action introduced into the complaint is
not a question proper to be raised as was here attempted
by demurrer to the added counts.—*Shotwell v. Gilkey*,
31 Ala. 124. .Nor was the motion to strike those counts

made on grounds appropriate to raise such question, for if the first count was sufficient upon which to hinge the amendment, it is immaterial whether the second count was so sufficient, and the introduction into a complaint of a new cause of action does not constitute what is known as a departure in pleading.

The complaint determines that an open or unliquidated account is not the cause of action sued on. Therefore pleas 1, 2 and 7 which set up the statute of limitations of three years were frivolous and were properly stricken.

Nichols' testimony is in part to effect that he was a building contractor and had become indebted to the plaintiff bank and also to defendant; that at the time of the alleged agreement with defendant he owned building material bought for but was not used in what was called the old mill, which had been commenced and abandoned; that he had agreed on terms of a contract for erecting the Cherry Cotton Mill, the owners of which had signed the contract to be effective when he had signed the same and procured security for its performance. He had not procured the security and had not signed the contract, but had a conference with defendant Moore as to which the bill of exceptions recites he testified "that Moore suggested that he, Nichols, get out of the way and let him (Moore) make the contract, let him have the material, let him have his foreman Makin to superintend the work, and that he would pay the $4,000 to plaintiff for him; he said Moore promised to give him profit after he got his money with ten per cent. This was agreed to and it was not to be mentioned, but they were to return to Philadelphia and tell the other parties that they were to return the papers from there. The material at the old mill that Moore was to get cost me $40,000, and was worth between $30,000 and $40,000. * * * After we got back to Philadelphia, Moore suggested that instead of conveying the material to him, that I should confess a judgment in the circuit court of Lauderdale county, Alabama, and he was to use the judgment to get the material. This he said would pre-

[Moore v. First National Bank of Florence.]

vent any attachments on it. I agreed to this and confessed the judgment, and with the judgment he acquired the material, and I agreed also to let him have my place in the contract to build the Cherry Mill and did let him take it, and I agreed to send and did send my foreman Makin to Florence to superintend the work for him; he agreed with me to pay my debt to plaintiff," etc.

Other testimony tended to show defendant obtained and performed a contract for the building of the Cherry Mill at a price higher than Nichols had agreed upon. Defendant in testifying denied the making of any promise for the payment of Nichols' debt to plaintiff. In view of the conflict of testimony and the character of the issues, it was proper to admit in evidence the writing which contained the uncompleted contract between Nichols and the Cherry Cotton Mill Company and the record entries showing the confession of judgment and the proceedings thereunder had for the sale of the material. In none of the rulings on evidence or in the portions of the oral charge excepted to do we find reversible error.

That Nichols justly owed defendant the whole amount the latter claimed and took judgment for, is neither admitted nor made clear by the evidence. A forbearance on the part of Nichols to interpose any reasonable defense he could have made to defendant's claim, would have constituted a consideration for defendant's alleged promise.—*Union Bank v. Geary*, 30 U. S. 99. Refused charges 1, 5 and 11 pretermit any consideration of whether Nichols actually owed the amount claimed of him by defendant and for which he confessed judgment, and were, therefore, bad. Charge 4 is abstract in what is therein said of a "new promise." That term, if used with reference to the promise sued on, is inapt because the same, if made, was an original and not a new promise, within either the legal or the generally understood sense of the latter term. That defect, if no other, justified the refusal of the charge.

Charges 2 and 7 ignore the doctrine above mentioned under which an abandonment by Nichols of his right to

[Mobile, Jackson & Kansas City Railroad Co. v. Middleton.]

make a contract, might, as well as a relinquishment of an existing contract, have formed a consideration for the promise sued on. Charges 3, 6, 9, 10 and 12 were patently inconsistent with the principles to which we have referred.

Judgment affirmed.