[L. A. No. 15975.   In Bank.—December 23, 1936.]

MORTGAGE GUARANTEE COMPANY (a Corporation) et al.; Respondents, v. MOTORS ACCEPTANCE CORPORATION (a Corporation) et al., Defendants; H. B. BRECKWEDEL, Appellant.

Victor Ford Collins for Appellant.

Thomas M. Parrington and Gene G. Curry for Respondents.

EDMONDS, J.—Respondent has moved to dismiss the appeal or to affirm the judgment in its favor upon the ground that the questions on which the decision of the cause depends are so unsubstantial that further argument is not required.

In 1929 defendant corporation executed in favor of plaintiff Mortgage Guarantee Company a promissory note for $33,000, secured by a deed of trust to plaintiff Title Insurance and Trust Company, of certain real property. In 1930 the maker of the note conveyed the real property, subject to the encumbrance, to defendant Breckwedel. In 1933 default occurred in payment of the note and plaintiff Mortgage Guarantee Company caused the property to be sold under the trust deed. There remained unpaid after the sale a deficiency of $10,103.80. This action was brought by the plaintiffs (Title Insurance and Trust Company having an interest in the note by assignment) to recover that sum. Defendant corporation defaulted but issue was joined by defendant Breckwedel. At the close of the trial the court made findings in favor of the plaintiffs. Judgment was entered accordingly and defendant Breckwedel appealed.

Appellant's contention is that he merely accepted conveyance of the property subject to the encumbrance, without assuming or incurring any personal liability for payment of the promissory note. In this connection he first asserts that the complaint fails to state a cause of action against him. It alleges that "as a part of the consideration for said conveyance" to appellant, he "assumed and agreed to pay said promissory note", which assumption is evidenced by the following provision contained in the deed: "Subject to: . . . Trust Deed, of record, securing note for $33,000.00, payment of which Grantee herein in accepting this conveyance, agrees to assume." This pleading was sufficient to charge appellant with liability. (*Bean* v. *Reicker,* 120 Cal. App. 403 [7 Pac. (2d) 1055]; *Pellier* v. *Gillespie,* 67 Cal. 582 [8 Pac. 185].)

Secondly, appellant claims that the evidence fails to support the trial court's finding that he accepted the deed with the above-quoted provision therein and assumed and agreed to pay and discharge the promissory note. The record shows this assertion to be without merit. Appellant wrote the escrow agent, stating: " . . . we agree to assume pay-

ment of the trust deed and note for $33,000 . . . and the Grant Deed covering this property . . . including a clause to this effect, is satisfactory to us.'' He testified that he read the escrow instructions before he signed them and knew of this provision and that he delivered them to the escrow agent. Pursuant to the escrow instructions the deed was prepared containing the assumption clause and it was recorded. Appellant testified that although he did not recall seeing the deed he knew at the time it was recorded of the existence of said provision. The evidence amply supports the findings of the trial court concerning acceptance of the deed and assumption of the indebtedness by appellant. (*Bean* v. *Reicker, supra; Merchants Holding Corp., Ltd.,* v. *Grey,* 6 Cal. App. (2d) 682 [45 Pac. (2d) 253]; 18 Cal. Jur., pp. 45–50.)

The motion is granted and the judgment is affirmed.

Thompson, J., Curtis, J., Waste, C. J., Seawell, J., Shenk, J., and Langdon, J., concurred.