(111 So. 15)

**FITE v. PEARSON et al.  (6 Div. 711.)**

(Supreme Court of Alabama.   Nov. 4, 1926. Rehearing Denied Jan. 22, 1927.)

**1. Contracts �køw143—Parties may prescribe limitation of contracts under which they will be bound.**

Parties sui juris have right, within law, to prescribe limitation of contracts by which they will be bound.

**2. Contracts �köw152—Unambiguous words in contract will be given ordinary meaning.**

Words in contract, if unambiguous, will be given ordinary accepted meaning.

**3. Contracts ⊠køw187(1)—Beneficiary of promise made to another may maintain action thereon, though consideration does not move from him.**

If one person makes a promise to another for benefit of third parties, such beneficiary may maintain an action on the promise, though consideration does not move from the latter.

**4. Licenses ⊠køw26—Plaintiff, damaged by plumber's failure to perform work, properly held entitled to sue on plumber's bond required by ordinance (Code 1923, §§ 2595, 2612).**

Plaintiff, damaged by failure of duly licensed plumber to perform plumbing work for plaintiff in workmanlike manner, *held* entitled to sue on bond required of plumber by ordinance for benefit and protection of city, and "any third person, firm, or corporation" sustaining damage by breach of conditions of bond; there being an analogy as to extent of official bonds, under Code 1923, §§ 2595, 2612.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Fred Fite against J. H. Pearson and the United States Fidelity & Guaranty Company. Plaintiff takes a nonsuit, and appeals from adverse rulings on pleading. Reversed and remanded.

Count A claims damages of defendants, for that defendant Pearson entered into a contract with plaintiff, whereby, for a valuable consideration, Pearson agreed to perform for plaintiff certain plumbing work; that Pearson was a duly licensed plumber under ordinance of the City of Birmingham; that such ordinance required the giving of a bond by plumbers; that Pearson executed the required bond, with the defendant United States Fidelity & Guaranty Company as surety; that Pearson violated the terms of said ordinance and breached the condition of the bond by failing to execute and perform said work for plaintiff in a workmanlike manner, etc., to plaintiff's damage, etc.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Where the terms of the contract are clear and unequivocal, the meaning of the contract

---

⊠køwFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 21 Ala. App. 469.

must be determined by giving to the words used their ordinary and popular meaning. Lee v. Cochran, 157 Ala. 311, 47 So. 581; Ill. Sur. Co. v. Donaldson, 202 Ala. 183, 79 So. 667. If one person makes a promise to another for the benefit of a third person, the latter may maintain an action upon the promise, though the consideration does not move from him. Ala. City, etc., Co. v. Kyle, 202 Ala. 552, 81 So. 54; Penn. Cement Co. v. Bradley Con. Co. (C. C. A.) 7 F.(2d) 822; Huckabee v. May, 14 Ala. 263; Henry v. Murphy, 54 Ala. 246; Carver v. Eads, 65 Ala. 190; Young v. Hawkins, 74 Ala. 373; Pugh v. Barnes, 108 Ala. 170, 19 So. 370; Georgia Home Ins. Co. v. Boykin, 137 Ala. 366, 34 So. 1012; Potts v. First Nat. Bank, 102 Ala. 286, 14 So. 663; Moore v. First Nat. Bank, 139 Ala. 595, 36 So. 777; North Ala. Dev. Co. v. Short, 101 Ala. 333, 13 So. 385; Farrell v. Anderson Co., 211 Ala. 238, 100 So. 205. The legal effect of the bond was to make it obligatory on principal and surety for the use of every person injured on account of its breach. Deason v. Gray, 189 Ala. 672, 66 So. 646; Id., 192 Ala. 611, 69 So. 15; Kelly v. Moore, 51 Ala. 364; Coleman v. Roberts, 113 Ala. 329, 21 So. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; Albright v. Mills, 86 Ala. 326, 5 So. 591; Koski v. Pakkala, 121 Minn. 450, 141 N. W. 793, 47 L. R. A. (N. S.) 183; Hume v. Kelly, 28 Or. 398, 43 P. 380; Curry v. Gila County, 6 Ariz. 48, 53 P. 4; Union G. & T. Co. v. Robinson (C. C. A.) 79 F. 420; Raynsford v. Phelps, 43 Mich. 342, 5 N. W. 403, 38 Am. Rep. 189.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

In order for a third party to recover on a contract, it must have been entered into for his benefit, and the promisee must have a legal interest that it be performed in favor of the third party. Lovejoy v. Bessemer Waterworks, 146 Ala. 381, 41 So. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068; Gulf Comp. Co. v. Harris, 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Embler v. Hartford, 158 N. Y. 431, 53 N. E. 212, 44 L. R. A. 512; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. Rep. 618; Coleman v. Hiler, 85 Hun, 547, 33 N. Y. S. 357; McDonald v. Amer. Nat. Bank, 25 Mont. 456, 65 P. 896; Collins v. Kaw City Mill, 26 Okl. 641, 110 P. 734. The right of a third party for whose benefit a contract is made to maintain an action must be clearly expressed; it cannot be implied. Chung Kee v. Davidson, 73 Cal. 522, 15 P. 100; Martin v. Peet, 92 Hun, 133, 36 N. Y. S. 554; Knott v. Dubuque, 84 Iowa, 462, 51 N. W. 57; Whitehead v. Burgess, 61 N. J. Law, 75, 38 A. 802; Howsmon v. Trenton, 119 Mo. 304, 24 S. W. 784, 23 L. R. A. 146, 41 Am. St. Rep. 654; Wright v. Terry, 23 Fla. 160, 2 So. 6.

The contract and bond sued on is an indemnity bond running to the city, and the third parties to be benefited are the general public to whom the city owes a duty. 34 L. R. A. (N. S.) 153; Authorities, supra.

THOMAS, J. The appeal is predicated upon the record proper, and challenges the sustaining demurrers to the amended counts of the complaint. Nonsuit was entered because of said adverse ruling in sustaining demurrer to count A of the complaint.

The demurrer filed by defendant United States Fidelity & Guaranty Company, among other things, was grounded on the fact that the plaintiff was not a party to said general plumber's bond, and that there was no contractual relationship between the plaintiff and the defendant. And on this theory it is stated in the argument of counsel that demurrers were sustained, and the demurrer raising the question of the lack of privity of the contract will be considered.

[1, 2] The parties sui juris have the right, within the law, to prescribe the limitation of contracts by which they will be bound; and their words, if unambiguous, will be given their ordinary and generally accepted meaning. Such is the rule, unless the contrary is made to appear in the contract. Ill. Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667; Lee v. Cochran, 157 Ala. 311, 47 So. 581.

[3, 4] It has been oftentimes declared, in this jurisdiction, that, if one person makes a promise to another for the benefit of third parties, such beneficiary may maintain action upon the promise, though the consideration does not move from the latter. Alabama City Co. v. Kyle, 204 Ala. 597, 87 So. 191; Farrell v. Anderson Co., 211 Ala. 238, 100 So. 205; Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 So. 356; Pugh, Stone & Co. v. Barnes, 108 Ala. 170, 19 So. 370; Georgia Home Ins. Co. v. Boykin, 137 Ala. 366, 34 So. 1012; Moore v. First National Bank, 139 Ala. 595, 36 So. 777; Potts v. First National Bank, 102 Ala. 286, 14 So. 663; North Alabama Dev. Co. v. Short, 101 Ala. 333, 13 So. 385; Young v. Hawkins, 74 Ala. 373; Carver v. Eads, 65 Ala. 190; Henry v. Murphy, 54 Ala. 246; Huckabee v. May, 14 Ala. 263. See, also, Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981.

This was the legal effect of the plumbers' bond required by the ordinance of the city— to be a bond obligation on principal and sureties for the use of any person injured on account of a breach of the terms thereof. Deason v. Gray, 192 Ala. 611, 69 So. 15; Deason v. Gray, 189 Ala. 672, 66 So. 646; Coleman v. Roberts, 113 Ala. 329, 21 So. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; Albright v. Mills, 86 Ala. 324, 5 So. 591; Kelly v. Moore, 51 Ala. 364.

The pertinent provisions of the contract or bond are:

"(1) Now, if the said J. H. Pearson shall faithfully observe all ordinances in the city pertaining to plumbing and draining excavations and blasting, and all rules and regulations established under the authority of such ordinances, and shall do all of said plumbing, and drain laying work in a workmanlike manner. * * * (2) And any person, firm, or corporation injured in person or property by reason of any violation of said ordinances or regulations or any breach of this bond, as aforesaid, may maintain a suit or action hereon for such injury and several recoveries may be had hereon to the amount of this bond."

The final paragraph of the ordinance entering into the bond and relations of the three parties thereto is:

"That all plumbing and drain laying work done by such person, firm, or corporation, or under his or their bond or license, shall be executed in a workmanlike manner and to indemnify and save harmless the city of Birmingham from any and all liability or damages from all accidents, damages, or loss which any person, firm, or corporation may suffer, either in person or property, or of any character whatsoever caused by or arising from, in or about the doing of such work in said city by any such person, firm, or corporation, or its, his, or their agents or employees.

"Said bond shall also be for the benefit of all persons injured or damaged by any violation or neglect of said plumbers or drain layers of their agents or employees to observe the ordinances of said city or the rules and regulations established under the authority of such ordinances, and said bond shall be renewed at intervals of two years or oftener at the demand of the plumbing inspector, if in his judgment the security shall be impaired or insufficient; otherwise, to remain in full force and effect until terminated by notice. Said bond shall further provide that any person, firm, or corporation injured on account of any breach of said bond, or on account of any violation of any of the plumbing laws of the city of Birmingham or any rules or regulations adopted pursuant thereto, may sue on said bond in his own name."

It is plainly stated that the bond was for the benefit and protection of the city, and also any third person, firm, or corporation sustaining a damage by a breach of the conditions of the bond. See Penn. Cement Co. v. Bradley Cont. Co. (C. C. A.) 7 F.(2d) p. 822. There is analogy as to the extent of official bonds. Code of 1923, §§ 2595, 2612.

The cases from this court on which appellees rely are Lovejoy v. Bessemer Waterworks, 146 Ala. 381, 41 So. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068, and Gulf Compress Co. v. Harris, 158 Ala. 343, 353, 48 So. 477, 480 (24 L. R. A. [N. S.] 399). In the latter the court said:

"It is urged as another ground of equity in the bill that the schedule of maximum rates named in the lease contract entered into between the Gulf Company and the Decatur Company was made and intended for the benefit of the complainants and others engaged in like business, and that having been made for their benefit, although not so expressly declared, the contracting parties have no right to annul the same, and the complainants, as such beneficiaries, have a right to have the same enforced in equity. There is no provision, statement, or expression in the contract by which such intention on the part of the contracting parties is shown. The fact that one not a party or privy to a contract is incidentally benefited under it is no reason for declaring that the contract was made and intended for his benefit."

Here, the contract is stated in plain language to have been made for the benefit of a class including the plaintiff. And, in Lovejoy v. Bessemer Waterworks Co., the suit for damages sought to be maintained was that upon the contract of the water company with the city of Bessemer to furnish water for hydrants. The pleadings there failed to exhibit a specific contract provision, covering the item of damages resulting from the destruction of private property, and ascribed to the lack of water to extinguish the flames. The Lovejoy Case was again considered in Alabama Water Co. v. City of Jasper, 211 Ala. 280, 100 So. 486. It was declared that the citizen may maintain an appropriate action that joins the city in such suit, against the water company, to compel the performance of duty owing him under the franchise.

The case of Attalla Oil & Fert. Co. v. Goddard, 207 Ala. 287, 92 So. 794, is not analogous to the case made by count A of the complaint. The Attalla Case, and that of Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21, were upon an implied warranty, and held no privity of contract existed.

We are of the opinion, and so declare, that there was reversible error in sustaining demurrer to amended count A.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.