## MEYERSON v. NEW IDEA HOSIERY CO.
### (6 Div. 902.)

Supreme Court of Alabama. Nov. 25, 1927.

Rehearing Denied Jan. 12, 1928.

1. Contracts ☞187(1)—Where contract is for third party's benefit, law creates privity between promisor and third party.

Where two parties enter into a contract for the direct benefit of a third person, the law operates to create privity necessary to a binding obligation between the promisor and the third party.

2. Insurance ☞586—Although insured may change beneficiary of life policy, beneficiary has substantial interest, and can prevent change without insured's binding consent.

Although insured may change beneficiary of life insurance policy, the beneficiary has a substantial interest in the policy under which he may invoke judicial action to prevent a change of beneficiaries without the binding assent of the insured.

3. Insurance ☞104—Plea that beneficiary of life insurance policy could not maintain action against insured's employer for allowing policy to lapse, contrary to contract with insured, because insured could have changed beneficiary, held demurrable.

In action by the beneficiary of a life insurance policy after the death of the insured against the insured's employer for allowing the policy to lapse, contrary to contract with insured, plea that beneficiary could not maintain action because the insured reserved the right to change the beneficiary *held* demurrable.

4. Contracts ☞187(1)—Rights of third party beneficiaries are subject to all infirmities of contract as between parties thereto.

The rights of a third person, for whose benefit a promise is made, are affected with all the infirmities of the contract as between the parties thereto.

5. Contracts ☞74—Promise from one to another for third party's benefit, without consideration, will not support action by beneficiary against promisor.

A mere naked promise from one to another for the benefit of a third will not sustain an action by the beneficiary against the promisor in case of breach.

6. Insurance ☞104—Where employer gratuitously insured employee's life, beneficiary had no action against employer for letting policy lapse without notice.

Where employer gratuitously insured employee's life, beneficiary had no action against employer after employee's death, because the employer had let the policy lapse without notice to her or the employee.

7. Appeal and error ☞1040(13), 1068(3)—Errors in overruling demurrer to defendant's special plea and in giving instruction held harmless, where plaintiff failed to prove case, and affirmative charge for defendant was properly given.

Where plaintiff's proof failed to sustain an essential averment of the complaint, court's giving of affirmative charge, requested by defendant in writing, *held* to render innocuous errors in overruling demurrer to defendant's special plea and in giving erroneous oral instruction.

8. Principal and agent ☞61(2)—One undertaking to act as agent who negligently causes damage to principal is liable in action on case, notwithstanding undertaking is gratuitous.

One undertaking to act as agent who performs agency negligently, and as proximate consequence of such negligence causes damage to his principal, is liable to the principal in an action on the case, notwithstanding his undertaking the agency was gratuitous.

9. Principal and agent ☞159(2)—Liability of person gratuitously acting as agent for damage to third party, caused by his negligence, exists not because of, but regardless of, agency.

Liability of person who is gratuitously acting as agent for another for negligence causing damage to a third party rests on a breach of duty to such third party arising out of the performance of the agency, and exists, not because of the agency, but regardless of it.

10. Insurance ☞104—Where employer agreed to pay insurance premiums from insured's salary, beneficiary had no action against employer for letting policy lapse without notice, absent averment employer was beneficiary's agent.

Where employer agreed to pay insurance premiums from insured's salary, beneficiary had no cause of action, after insured's death, against employer for letting policy lapse without notice to her or to insured, without averring that employer was beneficiary's agent to keep the insurance or any part of it in force.

### On Rehearing.

11. Master and servant ☞72—Employer's promise to give bonus or benefit on condition which is performed creates "contract," but giving unconditional benefit is mere "gratuity."

Employer's promise to employee to give bonus or other benefit, conditioned upon doing of an act, which employee does, creates enforceable "contract," but the present and unconditional bestowing of a benefit, without costs to the em-

──────────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ployee, is a mere "gratuity," not constituting a contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract; Gratuity.]

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Etta Meyerson, individually and as executrix of the estate of Simon Meyerson, deceased, against the New Idea Hosiery Company. From a judgment for defendant, plaintiff appeals. Affirmed.

A. Leo Oberdorfer, of Birmingham, for appellant.

If one person makes a promise to another for the benefit of third parties, the beneficiary may maintain an action upon the promise, though the consideration does not move from the latter. Fite v. Pearson, 215 Ala. 521, 111 So. 15; Ainsworth v. Bachus, 5 Hun (N. Y.) 414; Lawrence v. Fox, 20 N. Y. 268; Meyer v. Shamp, 51 Neb. 424, 71 N. W. 57; McCoy v. McCoy, 32 Ind. App. 38, 69 N. E. 193, 102 Am. St. Rep. 223; Gill v. Middleton, 105 Mass. 477, 7 Am. Rep. 548; Parker v. Hodgson, 172 Ala. 632, 55 So. 818; 29 Cyc. 58. If one voluntarily and without consideration agrees to procure insurance and actually takes steps in the matter, he is responsible for misfeasance and negligence, though he was not bound to undertake the performance. Thorne v. Deas, 4 Johns. (N. Y.) 84; Criswell v. Riley, 5 Ind. App. 496, 30 N. E. 1101, 32 N. E. 814. Offer of the employer to pay the premiums on the employee's policy was a binding contract when accepted by the employee. The employer, by failure to pay the premiums on the policy as agreed, breached a contract made for the benefit of the beneficiary and is liable to her for such breach. Fite v. Pearson, 215 Ala. 521, 111 So. 15; Elam v. Smithdeal Realty & Ins. Co., 182 N. C. 599, 109 S. E. 632, 18 A. L. R. 1210; Jones v. Higgins, 80 Ky. 409. One employed for an indefinite term, who, in response to and reliance upon an offer of a bonus if he will continue in the service, continues his services for such time, may recover the bonus. Scott v. Duthrie, 125 Wash. 470, 216 P. 853, 28 A. L. R. 328; Kerbaugh v. Gray (C. C. A.) 212 F. 716; Zwolanek v. Baker Mfg. Co., 150 Wis. 517, 137 N. W. 769, 44 L. R. A. (N. S.) 1214, Ann. Cas. 1914A, 793; Roberts v. Mays Mills, 184 N. C. 406, 114 S. E. 530, 28 A. L. R. 338; Henderson L. & L. Co. v. Barber, 17 Ala. App. 337, 85 So. 35; Fuller v. Brown (C. C. A.) 15 F.(2d) 672; Zampatella v. Thompson-Crooker Shoe Co., 249 Mass. 37, 144 N. E. 82; 23 R. C. L. 1115; 13 C. J. 275; 6 Cyc. 428.

Nesbit & Sadler and Grady W. Patterson, all of Birmingham, for appellee.

The promise set out in the complaint is not enforceable for want of a valuable consideration. Kirksey v. Kirksey, 8 Ala. 131; Erwin v. Erwin, 25 Ala. 242; Prescott v. Jones, 69 N. H. 305, 41 A. 352; Forward v. Armstead, 12 Ala. 124, 46 Am. Dec. 246. Plaintiff was not justified in relying upon the representation of defendant concerning the defendant's future action. Prescott v. Jones, 69 N. H. 305, 41 A. 352; Ins. Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674. In order to maintain an action for breach of a contract, plaintiff must be a party or a privy thereto. 20 R. C. L. § 44; Buckley v. Gray, 110 Cal. 339, 42 P. 900, 31 L. R. A. 862, 52 Am. St. Rep. 88. Where the right to change the beneficiary has been reserved, the beneficiary has no vested interest in the policy, and cannot maintain an action for breach of an agreement to insure or for negligence in respect to performing such agreement. Royal Neighbors of America v. Fortenberry, 214 Ala. 387, 107 So. 847; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367; 14 R. C. L. 193; Slocum v. N. W. Nat. L. I. Co., 135 Wis. 288, 115 N. W. 796, 14 L. R. A. (N. S.) 1110, 128 Am. St. Rep. 1028; Ill. Bankers' Life Ass'n v. Rhodes, 147 Ark. 191, 227 S. W. 403. The proof did not support the allegation that defendant agreed to pay certain premiums as a part of Meyerson's compensation, and the peremptory instruction for defendant was proper.

BROWN, J. This appeal is prosecuted by the plaintiff from a judgment in favor of the defendant, rendered on the verdict of the jury directed by the circuit court through the affirmative charge for defendant. The case as tried and disposed of on the merits, was presented under counts 1 and 2 of the complaint; the defendant's plea of the general issue and special plea 6 asserting that, in the policy or certificate of insurance issued by the Metropolitan Life Insurance Company, and delivered by the defendant to Simon Meyerson, insuring his life, and naming the plaintiff, the wife of said Meyerson as the beneficiary, the insured reserved the right to change the beneficiary, and the plaintiff's interest in the policy or certificate was such that she could not maintain the action.

The counts of the complaint were ex contractu, and are predicated upon the breach of a contract between Meyerson and the defendant, in which the defendant engaged and undertook to pay the premiums accruing under the insurance contract to the insurer, as a part of Meyerson's compensation as an employee of the defendant, so long as he remained in defendant's employ; and they each allege, in substance, that said Meyerson remained in defendant's employ until his death, without exercising the right to change the beneficiary in said policy or certificate.

The breach alleged is that, although said Meyerson complied with all the conditions of the contract with defendant, it breached the same by failing to pay the premiums as it had engaged to do, and allowed such policy

to lapse, to plaintiff's damage in the sum claimed.

The facts stated in defendant's special plea 6, aside from mere legal conclusions, were proven without dispute, and, if it asserted a good defense, it would follow as a necessary result that the court properly directed the verdict.

[1] The case, as related to the defense asserted by this special plea, is that of a contract entered into between two parties, resting upon a valid consideration, for the direct, although not the immediate, benefit of a third person, and a breach thereof resulting in damages to the party for whose benefit the contract was made. Upon the making of such contracts, the law operating upon the acts of the parties creates the essential privity between the promisor and the third person necessary to a binding, legal obligation. Fite v. Pearson et al., 215 Ala. 521, 111 So. 15; Alabama City G. & A. Ry. Co. v. Kyle, 204 Ala. 597, 87 So. 191; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467; Smith v. Pfluger, 126 Wis. 253, 105 N. W. 476, 2 L. R. A. (N. S.) 783, 110 Am. St. Rep. 911, Wald's Pollock on Contracts (1906 Ed.) 241.

[2] Viewing the question presented merely in the light of the facts averred in the special plea, plaintiff's interest in the insurance contract was not a vested right as against the right of the insured to change the beneficiary, yet, pending the contingency essential to perfect her right to collect the insurance under the policy—the death of the assured —she had a substantial interest in the policy under which she could invoke judicial action to prevent a change of beneficiaries without the binding assent of the assured. Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367; Grand Lodge et al. v. Frank, 133 Mich. 232, 94 N. W. 731.

[3] But, when we view this question in the light of the pleaded facts and the averments of the complaint showing that the insured died without exercising his reserved right to change the beneficiary, and that the breach of the independent contract between the defendant and the insured, made for the benefit of the plaintiff resulted in damages to her, it is clear that the defense asserted by special plea 6 was not available to the defendant.

The case of Royal Neighbors, of America v. Fortenberry, 214 Ala. 387, 107 So. 846, cited by appellee to justify a denial of plaintiff's right to recover, is easily differentiated from the case in hand. There the contract of insurance was never effected; the policy issued by the insurance company naming the plaintiff as beneficiary was not delivered. The action was against the insurance company "for failure to promptly issue or negligence in the due issue of the policy or certificate pursuant to the application." Under these circumstances it was held that the right of ac-

tion was in the personal representative of the applicant, and not in the person who was designated in the application as beneficiary. Under the facts of that case, there being no contractual relations between the insurer and the designated beneficiary, the issuance and delivery of the policy during the life of the assured were facts essential to the quickening into existence of any right of such beneficiary in the insurance contract. 37 C. J. 385, § 49; Royal Neighbors of America v. Fortenberry, supra. Therefore the holding in that case, and cases of like import, cannot be considered apt authorities for denying the plaintiff's right of action here. We are of opinion, therefore, that the demurrers to plea 6 were well taken, and that the court committed error in overruling them.

Whether this error resulted in injury and should work a reversal of the judgment depends upon the question to be now considered. As before stated, the alleged consideration of the contract, the breach of which is the foundation of the plaintiff's case, is that the defendant agreed to pay the premiums accruing on the policy of insurance as a part of the insured's compensation for his services as defendant's employee, so long as he remained in defendant's service. It is conceded that he was an employee, engaged in selling the defendant's products; that he received his compensation in commissions on such sales as he made; and that this relation was created before the insurance was effected, and continued without interruption until his death.

It further appears without dispute that the defendant, on or about December 21, 1922, voluntarily, and, so far as appears, without the knowledge of its employees, applied to the insurance company for group term insurance on the lives of its employees, renewable by the employer from year to year, under the terms of the application and the policy issued thereon, and the payment of the premiums thereon by the employer.

The policy carried the following provisions:

"The company will issue to the employer for delivery to each employee insured hereunder an individual certificate showing the insurance protection to which such employee is entitled, the beneficiary to whom payable, together with a statement that, in case of the termination of the employment with the employer, for any cause whatsoever, such employee shall be entitled to have issued to him by the company, without further evidence of insurability, and upon application to the company within thirty-one days after such termination of employment and upon payment of the premium then applicable to the class of risk to which he belongs and to the form and amount of the policy at his attained age (nearest birthday), a policy of life insurance in any of the forms customarily issued by the company, except term insurance, in an amount equal to the amount of his protection under this policy at the time of termination. Upon termination of active

employment, the insurance of any discontinued employee under this policy automatically and immediately terminates, and the company shall be released from any further liability of any kind on account of such person, unless an individual policy is issued in accordance with the above provision."

The certificate issued by the insurance company evincing the rights of the assured and the beneficiary was to the effect: "This is to certify that under and subject to the terms and conditions of group policy No. 1641, G. Simon Meyerson, an employee of the New Idea Hosiery Company, Inc. (hereinafter called employer), is hereby insured for one thousand dollars. If death occurs while the employee is in the employ of the employer, the amount of insurance in force on said employee, in accordance with group policy as above, will be paid to Etta Meyerson, beneficiary," followed by reservation of the right of the assured to change the beneficiary, and with the privilege of continuing the insurance, according to the quoted provisions of the policy, in the event of the termination of the relations between Meyerson and his employer.

This certificate was delivered to Meyerson by the defendant, accompanied by a writing in the form of a circular letter, provided by the insurance company, in the following words:

"Dear Friend: This certificate of life insurance is presented to you with the assurance that there exists on the part of your employer a personal and sympathetic interest in you *and those who may be dependent upon you.* It is issued to you with the hope that it may bring to you a feeling that faithful service is appreciated.

"The certificate is your personal property *and remains in force as long as you continue as an employee,* without payment on your part or deduction from your salary. It provides certain benefits should you become totally and permanently disabled before you are sixty years of age and while in our employ. *It also provides for your dependents should you die.*

"We trust you will accept this certificate in the spirit in which it is given—a genuine expression of good will on our part for your loyal cooperation and service." (Italics supplied.)

At the same time, using another form also provided by the insurance company, the employees were advised by the defendant that, under the arrangements made with the insurance company, they each had the right to buy additional insurance equal to the amount of the certificate so delivered, "subject to exactly the same terms and conditions governing the insurance effected by the delivery of the certificate, upon condition that 75 per cent. of the employees accept the offer," the employee to pay the premiums to be deducted from the wages earned by such employees, by their employer, monthly, and paid to the company by the employer, such additional insurance to be evidenced by "a rider" to be issued by the insurance company

and attached to the certificate theretofore issued.

The evidence shows without dispute that the proposition for additional insurance was accepted by a sufficient number of the employees, including Meyerson, to make it effective, and that such "rider" was issued and attached to Meyerson's certificate.

The evidence further shows that the defendant, under these arrangements, renewed the group policy from time to time, so as to continue it in force until January 1, 1925.

During this period the defendant made deductions from Meyerson's wages which were used in paying premiums for the additional insurance. Thereafter, without notice to Meyerson, or his beneficiary, the plaintiff, the insurance was allowed to lapse; this fact not being discovered by plaintiff until after the death of her husband. The evidence is further without dispute that Meyerson continued in the employ of the defendant up to his death, and was paid the agreed commission as compensation for his services, without deductions, except as above stated, and what remained unpaid at his death was paid to Mrs. Meyerson, as his executrix.

Meyerson was under no obligation to remain in the service of the defendant for any fixed time; nor was the defendant obligated to keep him employed. Under the arrangements between the parties, they each had the right to terminate their relations at will. Whatever of doubt there may be as to what the evidence shows, or tends to show, it is clear that the insurance effected through the issuance of the group policy and the original certificate issued to Meyerson was a voluntary and gratuitous act of the employer, and formed no part of Meyerson's compensation for services rendered, or to be rendered. It is equally as clear that the undertaking on the part of the defendant to pay the premiums on the additional insurance, by deducting the necessary amount from commissions due Meyerson, and charging the same to his account, was at most a gratuitous agency, and, whatever duty arose from this arrangement, the service thus undertaken constituted no part of the compensation due to Meyerson for his services as an employee.

[4, 5] The right of a third person for whose benefit a promise is made is affected with all of the infirmities of the agreement as between the parties thereto, and the authorities are uniform in holding that a mere naked promise from one to another for the benefit of a third will not sustain an action. 6 R. C. L. 886, § 273; Hicks v. Hamilton, 144 Mo. 495, 46 S. W. 432, 66 Am. St. Rep. 431; Dunning v. Leavitt, 85 N. Y. 30, 35, 39 Am. Rep. 617.

[6, 7] The foregoing is sufficient to indicate that we are of opinion that the proof failed to sustain one of the essential averments of the complaint, and that the giving of the

affirmative charge, requested by the defendant in writing, rendered innocuous the ruling of the court on the demurrers to special plea 6, as well as the erroneous oral instruction to the jury.

Counts 3, 4, and 5 of the complaint, to which the demurrers of the defendant were sustained, are in case, and the gravamen of these counts is the negligence of the defendant in allowing the insurance to lapse without first giving notice to the plaintiff or her husband, the assured.

[8] It is a familiar principle of the law of agency that, when one party intrusts the transaction of a matter of business to another who enters upon the execution of his agency, though the undertaking is gratuitous, and does it amiss through want of due care, and as a proximate consequence of such negligence damage ensues to the principal, the agent is liable to the principal in an action on the case as for such misfeasance. Thorne v. Deas, 4 Johns. (N. Y.) 84; Ainsworth v. Backus, 5 Hun (N. Y.) 414; Mechem on Agency (2d Ed.) §§ 1281, 1283; 21 R. C. L. 824, § 9.

[9] And a gratuitous agent who undertakes and enters upon the business of his principal is liable to the third person for affirmative acts of negligence proximately resulting in personal injury or property damage to such third person. Liability of the latter class rests upon a breach of duty to such third person arising out of the performance of the work, and exists, not because of the agency, but regardless of it. Delaney v. Rochereau, 34 La. Ann. 1123, 44 Am. Rep. 456; Gill & Wife v. Middleton, 105 Mass. 477, 7 Am. Rep. 548; Mechem on Agency (2d Ed.) §§ 1460, 1487.

[10] These principles are invoked by the appellant to sustain the counts in case against the demurrers interposed thereto. The fault in appellant's contention here is that these counts are lacking in averments showing that the defendant was plaintiff's agent to keep the insurance, or any part of it in force, and the negligence complained of is the failure to give notice before allowing the insurance to lapse so that the insured might protect his interest in procuring other insurance. It may be conceded that, under the circumstances presented by these counts, in view of its undertaking to pay the insurance out of the insured's compensation, the law imposed on the defendant the duty to notify the insured before allowing his insurance to lapse, and that the failure to give such notice was negligence that would afford a cause of action to its principal—the insured—but for such negligence it was not liable to the plaintiff. Reid v. Humber, 49 Ga. 207; Mechem on Agency (2d Ed.) § 1479.

Under the circumstances thus presented, if the defendant had given timely notice to the insured before allowing the additional insurance to lapse, no one could contend with any degree of seriousness that it was at fault, and, if notice to its principal was all that the circumstances required, the failure to give notice to the beneficiary, though loss ensued therefrom, cannot be made the basis of legal liability.

We find no reversible errors in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

BROWN, J. [11] It requires no argument to demonstrate the distinction between a promise by an employer to his employee to give a bonus or other benefit, conditioned upon the doing of an act, followed by compliance with the condition, and the present and unconditional bestowing of a benefit by the employer on the employee without costs to the employee. In the first instance, upon compliance with the condition, there is a binding contract, supported by a sufficient consideration, to warrant its enforcement; in the other, there is an absence of all of the elements of a contract—a mere gratuity. We are therefore of opinion that the authorities cited in the brief supporting the application for rehearing are inapt.

Application for rehearing is overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.