162 So. 688
### FRANKLIN FIRE INS. CO. et al. v. HOWARD.

#### 5 Div. 203.

Supreme Court of Alabama.

June 29, 1935.

H. A. Ferrell, of Seale, and Denson & Denson, of Opelika, for appellants.

Jacob A. Walker, of Opelika, for appellee.

GARDNER, Justice.

The primary purpose of the bill is reformation of the policy of insurance, and, upon such reformation, a recovery of the amount due thereon. The reformation sought is as to the named beneficiary; complainant insisting, through her next friend, that she was the owner of the property at the time the policy was issued, and that it was the intention of her father, who procured the insurance, as well as the agent of the insurance company, who was informed of the death of her mother, the original owner of the property, to have the same made payable to the true owner. Bills of similar character have been held sufficient to warrant the equitable relief of reformation. National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645; North Carolina Mut. Life Ins. Co. v. Martin, 223 Ala. 104, 134 So. 850; American-Traders' Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36; Section 6825, Code 1923; Orr, Scroggins & Hume v. Echols, 119 Ala. 340, 24 So. 357; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569; Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118; Tarrant Land Co. v. Palmetto Fire Ins. Co., 220 Ala. 428, 125 So. 807; 53 Corpus Juris 930-934; 26 Corpus Juris pages 107, 108, § 106.

The averments of the bill suffice to show that complainant, as the only minor child of her mother who died intestate in 1911, became the owner in fee simple of the property which was the subject-matter of the insurance (section 7926, Code 1923; Quinn v. Campbell, 126 Ala. 280, 28 So. 676; Williams v. Massie, 212 Ala. 389, 102 So. 611), and that her father in fact did not have, as he mistakenly believed, a life or any other interest in the property.

But defendants insist that no binding contract could be made with complainant who was insane (section 6824, Code 1923; Page v. Louisville & Nashville R. R. Co., 129 Ala. 232, 29 So. 676), and that a void contract cannot be made the basis of a bill for reformation. Montgomery v. Perryman & Co., 147 Ala. 207, 41 So. 838, 119 Am. St. Rep. 61; Dawson v. J. A. Lindsey & Co., 223 Ala. 169, 134 So. 662.

We are persuaded, however, that this line of reasoning and these authorities are not here applicable. This for the reason that the bill rests upon a principle, frequently recognized by this court, that if one person makes a promise for the benefit of a third party, such beneficiary may maintain an action thereon, though the consideration does not move from

668

the latter. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231; Fite v. Pearson, 215 Ala. 521, 111 So. 15; Mason v. Hall, 30 Ala. 599; Moore v. First National Bank, 139 Ala. 595, 36 So. 777. And such is the generally recognized rule. See numerous cases cited in 81 A. L. R. 1278 et seq. As more nearly applicable to the instant case, our attention is directed to Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 So. 887, and Southern States Fire Ins. Co. v. Vann, 69 Fla. 544, 68 So. 645, which we have read with care, and which, so far as here pertinent, we approve.

We may add, however, that the extent of complainant's interest in the policy is not a matter here presented for review by the demurrer interposed. It is clear that both complainant's father and the agent of the company were under the belief the father had a life estate in the property, and that the insurance was so paid to and accepted by him with such understanding. As to such interest, therefore, there can be no reformation, as there existed no mutual mistake concerning it. But the bill shows the agent was informed of the death of the mother and that her estate was also to be protected. Such estate is represented by complainant, her heir. We conclude, therefore, the bill's averments declare the intention of the parties that the insurance be for the joint benefit of the father and of complainant. This question, concerning any restriction as to the amount of recovery, does not affect the general equity of the bill, and is not otherwise presented.

██ Of course, the right of the beneficiary of the contract is affected with all the infirmities of the agreement of the parties, and complainant, in attempting to enforce the same, is subject to all the equities arising out of the contract between the principal parties thereto. John F. Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819, 53 A. L. R. 173; Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231; 6 R. C. L. 886; 81 A. L. R. 1292.

The bill was filed within the period of the statute of limitations, and by one who is non compos mentis, and upon its face discloses no ground which would bar relief. Nor do we discover in the bill's averments matter which would otherwise bar complainant from maintaining the bill,

and, if there be defensive matter, it must be made the subject of an answer. The bill was not subject to the demurrer, and the chancellor correctly so decreed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.