188 So. 896
**BARLOWE v. EMPLOYERS INS. CO. OF ALABAMA et al.**
I Div. 42.

Supreme Court of Alabama.
May 11, 1939.

Geo. S. Taylor and Wm. H. Cowan, both of Mobile, for appellant.

Vernol R. Jansen, of Mobile, for appellees.

sion, Gaston Scott, L. L. Herzberg and H. D. Burnum, each as members of said commission, and Gaston Scott, L. L. Herzberg and H. D. Burnum. The bill seeks a declaratory judgment, and a "mandatory injunction in the nature of a mandamus" to enforce the payment and satisfaction of the judgment. In order that the full nature of the relief sought may be better understood, the prayer of the bill appears in the report of the case.

It appears from the bill that the appellant was employed by the Alabama State Highway Commission as "a truck driver and laborer" and as such was engaged, on December 10, 1937, "in the construction, maintaining or repairing of public roads and bridges in Mobile County, Alabama," and while so engaged in the performance of his said duties, he received an injury which was the proximate result of an accident "which arose out of and during the course of his employment by the respondents, and that a controversy had arisen between the complainant and the respondents as to the amount of the compensation due the complainant by reason of said injuries and damages." The bill of complaint catalogues the injuries alleged to have been suffered by the complainant.

The bill avers that the said Scott, Herzberg and Burnum, as members of said Alabama State Highway Commission had notice and actually became aware of complainant's said injuries and claim, and immediately after said accident sent complainant to a doctor.

The bill further avers that the Alabama State Highway Commission, with the approval of the Governor, had entered into a contract of insurance with the said Employers Insurance Company of Alabama whereby the latter insured the complainant and other employees of said Alabama State Highway Commission "covering a certain amount to be paid to the employees of the Alabama State Highway Commission actually engaged in the construction, maintaining, or repairing of public roads and bridges, who by accidental means may be killed or injured, provided that the amount paid (to be paid) to any such party on account of accidental death or injury not exceed the amount as provided by the Compensation Act of Alabama, approved September 6th, 1935 * * *; that the said Alabama State Highway Commission, and said members

KNIGHT, Justice.

Bill in equity by appellant, complainant in the court below, against the Employers Insurance Company of Alabama, corporation, the Alabama State Highway Commis-

composing said Commission did contract with the said Employers' Insurance Company of Alabama, a corporation, to insure the life and health of complainant in this cause; that this contract was approved by the Governor."

It is also averred that the said Employers Insurance Company of Alabama paid the complainant approximately twenty-three weeks compensation. Then follows further averments tending to show that his injuries were such as to cause temporary total disability "and will probably cause permanent total disability." Complainant claims "compensation of the respondents in the sum of fifty-five percentum of his average weekly earnings for such additional period of time as he may be entitled to under said Compensation Act of Alabama" and also for amounts expended and to be expended for medicine etc.

The said Employers Insurance Company of Alabama, and the other named respondents separately demurred to the bill of complaint. Among the grounds of demurrer assigned by each is: (1) There is no equity in the bill.

The court sustained the demurrers of the respondents, and from these interlocutory decrees this appeal is prosecuted.

■ It requires no argument to demonstrate that the Alabama State Highway Commission and the said Gaston Scott, L. L. Herzberg and H. D. Burnum, as members of said Commission, are agencies of the State of Alabama, in the strict sense of the term, and are not, as such, subject to suit. As to these named respondents the instant suit is essentially a suit against the state, which is prohibited by Section 14 of the State Constitution of 1901. State Tax Commission et al. v. Commercial Realty Company, 236 Ala. 358, 182 So. 31; State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Ex parte Board of School Com'rs of Mobile County, 230 Ala. 304, 161 So. 108; Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Cox v. Board of Trustees of University of Alabama, 161 Ala. 639, 49 So. 814; Kansas City Bridge Co. v. Albama State Bridge Corporation, 5 Cir., 59 F.2d 48; Id., 287 U.S. 644, 53 S.Ct. 90, 77 L.Ed 557; Alabama College v. Harman, 234 Ala. 446, 175 So. 394.

The bill, in so far as it seeks relief against the Alabama State Highway Commission, and the said Scott, Herzberg and Burnum, in their official capacities as members of said Commission, is clearly without equity.

■ It is not insisted that Scott, Herzberg and Burnum, as individuals, acting under color of office or otherwise, had committed any wrongful act, involving a tort on the rights of the complainant, or that they breached any contract with the complainant, or that they personally assumed any duty or obligation arising out of the employment of the complainant by the Alabama State Highway Commission, which they had breached.

The bill in so far as it seeks relief against the said Scott, Herzberg and Burnum as individuals is also wholly without equity.

This brings us to a consideration of the bill as respects the corporate respondent, Employers Insurance Company of Alabama.

The Amendatory Act of 1935, amending section 6 of Article 1 of an Act entitled an Act, "To provide a general system of legislation pertaining to public roads, highways and bridges, including therein the establishment of a State Highway Department and State Highway Commission * * *," provides among other things: "The State Highway Commission is authorized and empowered and may, with the approval of the Governor, enter into contract by bond or policy, with an Insurance Company authorized to do business in this State, covering a certain amount to be paid to the employees of the State Highway Department, actually engaged in the Construction, Maintaining or Repairing of Public Roads and Bridges, who by accidental means may be killed or injured. Provided that the amount paid to any such party on account of accidental death, or injury shall not exceed the amount or amounts as provided by the Compensation Act of this State. The premium upon such bond or policy shall be paid out of the funds of the State Highway Department as provided by law; and to that end and for that purpose the Department may with the consent and approval of the Governor disburse any monies hereby or otherwise appropriated or set apart for the construction, repair or maintenance of the public roads, bridges and highways of this State." Gen.Acts 1935, p. 774.

The averments of the bill show that the insurance policy issued by the said Employers Insurance Company of Alabama

was issued for the direct benefit of the complainant, and others similarly employed and circumstanced.

The rule is now established by the highest courts in nearly all the states in the American Union that one for whose benefit a contract is made may, although not a party to the agreement, and not furnishing the consideration therefor, maintain an action thereon against the promisor. In other words, a third party can enforce a contract entered into between others for his benefit. And this rule is recognized and enforced in Alabama. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231; Franklin Fire Ins. Co. et al. v. Howard, 230 Ala. 666, 162 So. 683; Fite v. Pearson, 215 Ala. 521, 111 So. 15; Hayes et al. v. Betts, 227 Ala. 630, 151 So. 692, 95 A.L.R. 1484; Scott et al. v. Wharton et al., 226 Ala. 601, 148 So. 308; Hendrick v. Lindsay, 93 U.S. 143, 23 L.Ed. 855; Carolus v. Arkansas Light & Power Co., 164 Ark. 507, 262 S.W. 330; Calhoun v. Downs, 211 Cal. 766, 297 P. 548; Baurer v. Devenis, 99 Conn. 203, 121 A. 566; Hunter v. Wilson, Stearly & Co., 21 Fla. 250; Hartman v. Pistorius, 248 Ill. 568, 94 N.E. 131; Miller v. Farr, 178 Ind. 36, 98 N.E. 805; Durband v. Nicholson, 205 Iowa, 1264, 216 N.W. 278, 219 N.W. 318; Weld v. Carey, 122 Kan. 666, 253 P. 235; Chesapeake & O. R. Co. v. Wadsworth Electric Mfg. Co., 234 Ky. 645, 29 S.W.2d 650; MacKenzie v. Schorr, 151 Md. 1, 133 A. 821; Moore v. Kirkland, 112 Miss. 55, 72 So. 855; Di Girolamo v. Di Matteo, 108 N.J.Eq. 592, 156 A. 24; Ruohs v. Traders' F. Ins. Co., 111 Tenn. 405, 78 S.W. 85, 102 Am.St.Rep. 790.

It thus appears from the averments of the bill that the complainant at the time he filed this suit had an accrued cause of action against the said Employers Insurance Company of Alabama under the policy of insurance written and issued for his benefit, and upon which he could maintain an action at law, and in which action he could secure full and adequate relief. This action and relief therein were available to complainant at the time he filed this suit for a declaratory judgment.

The rule obtains in this jurisdiction, as well as elsewhere, that if adequate relief, and an appropriate remedy, are presently available to the complaining party through the means of other existing forms of action or proceedings, jurisdiction for a declaratory judgment will not ordinarily be entertained. In such cases parties will be left to their appropriate actions provided by law rather than permit a resort to a declaratory judgment proceedings. Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; Jefferson County v. Johnson, 232 Ala 406, 168 So. 450; Union Trust Co. of Rochester v. Main & South Streets Holding Corp., 245 App.Div. 369, 282 N.Y.S. 428; Sheldon v. Powell, 99 Fla. 782, 128 So. 258; Oldham County v. Arvin, 244 Ky. 551, 51 S.W.2d 657; Stewart v. Herten, 125 Neb. 210, 249 N.W. 552.

The complainant's remedy, if any, is by action at law against the Employers Insurance Company of Alabama, upon the alleged insurance contract made by it with the Alabama State Highway Commission for complainant's benefit, not in a proceeding under the Declaratory Judgment Act. In an action at law the complainant may require the production of the contract.

Our conclusion is that the bill was also without equity as to this last named corporate respondent, and its demurrer was properly sustained.

The bill being without equity as to all the respondents, the court committed no error in sustaining their demurrers thereto. It follows, therefore, that each of the decrees is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.