194 So. 821

## CHRISTIAN BENEVOLENT BURIAL ASS'N, Inc., v. THORNTON.

### I Div. 92.

Supreme Court of Alabama.

March 14, 1940.

Geo. A. Sossaman, of Mobile, for appellant.

J. E. Meredith and Robt. T. Ervin, Jr., both of Mobile, for appellee.

BROWN, Justice.

This appeal is from a judgment entered on the verdict of a jury rendered in favor of plaintiff.

The complaint consists of three counts. One and three are ex contractu, the first special assumpsit for the breach of the conditions of a policy of burial insurance; the third general assumpsit for money had and received. At the conclusion of the evidence

246

the court gave the affirmative charge for the defendant on said counts, and submitted the case to the jury on the second count which is in case.

The plaintiff in the action, named in the policy as the beneficiary, is the husband of the insured in which the defendant engaged to pay to the Christian Benevolent Funeral Home, 201 North Hamilton Street, Mobile, Alabama, "upon receipt of satisfactory proof of the death of the insured," Emma Thornton, one hundred and twenty-five dollars.

The gravamen of the second count is that the defendant's agent Russell, acting within the scope of his agency, undertook and entered upon a gratuitous agency for the insured to carry a letter from the insured to her brother, Thomas King, in accordance with an established course of dealing between the parties, requesting said King to pay the then due premiums on the policy, and deceitfully and fraudulently failed to deliver said letter, in consequence of which said policy lapsed.

We are not to be understood as approving the form and sufficiency of said count two, but whatever defects appear on its face, they were not pointed out by the demurrer. Code 1923, § 9479.

Nor is City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, an apt authority. That was an action of trespass for damages resulting from affirmative actions charged to the corporation itself, and is not applicable, as has been here repeatedly held, to an action on the case for consequential damages resulting from an omissive breach of duty by an agent or servant due from the defendant to the plaintiff. Here the breach was of a duty averred to be due the insured and the right of action, if it survived, passed to her personal representatives. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231.

Assuming that the defendant was due the affirmative charge as to counts one and three, which we must do in the absence of cross-assignment of error, we are of opinion that it was entitled to the general affirmative charge, which it requested in writing and which the court refused. For this error the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.